UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH BILLIOT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3478** |
| **CHERAMIE MARINE, LLC AND XYZ CORPORATION** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, Cheramie Marine, LLC (Doc. #40), is **DENIED** as to plaintiff's maintenance and cure and Jones Act negligence claims, and **GRANTED** as to plaintiff's unseaworthiness claim, which is **DISMISSED**.

### BACKGROUND

Plaintiff, Keith Billiot, was employed by defendant, Cheramie Marine, LLC, as a deckhand aboard the M/V MISS FLO. Prior to beginning work, Cheramie required plaintiff to complete a medical questionnaire. The medical questionnaire inquired whether the applicant "currently ha[s] the following symptoms or ha[d] significantly in the past." Plaintiff responded "No" to all questions, including those regarding back injuries and back pain.

On February 9, 2009, the M/V MISS FLO was tied to a bitt on the Ship Shoal 219A platform pumping water and loading equipment onto the vessel from the platform. The vessel was held in place by the current, and the wave height was approximately seven to nine feet, with peak wave height between eleven and fifteen feet. After three-and-one-half hours, the bitt to which the M/V MISS FLO was tied broke, and plaintiff was hit by the rope that connected the vessel to the platform. Plaintiff sustained injuries to his left shoulder for which he has undergone arthrosporic surgery, and injuries to his lower back for which his physician has recommended lumbar fusion surgery.

Plaintiff filed this suit against Cheramie alleging that Cheramie is liable for negligence, unseaworthiness of the M/V MISS FLO, and maintenance and cure. Cheramie filed a motion for summary judgment arguing that it is not liable for maintenance and cure because plaintiff failed to reveal a preexisting back injury in his pre-employment medical questionnaire, it was not negligent, and the M/V MISS FLO was seaworthy.

**ANALYSIS**

**A.      Summary Judgment Standard.**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The

non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Plaintiff's Maintenance and Cure Claim**

"Maintenance and cure is a contractual form of compensation afforded by the general maritime law to seamen who fall ill or are injured while in the service of a vessel." Jauch v. Nautical Services, Inc., 470 F.3d 207, 212 (5th Cir. 2006). "The vessel owner's obligation to provide this compensation does not depend on any determination of fault, but rather is treated as an implied term of any contract for maritime employment." Id. "A seaman may recover maintenance and cure even for injuries or illnesses pre-existing the seaman's employment unless that seaman knowingly or fraudulently concealed his condition from the vessel owner at the time he was employed." Id. (citing McCorpen v. Cent. Gulf S.S. Corp., 396 F.2d 547, 548 (5th Cir. 1968)). "Concealment of one's condition will not preclude recovery of maintenance and cure under all circumstances." Id. "The concealment defense will only prevail if the vessel owner can show that (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit." Id. "If the vessel owner

would have employed the seaman even had the requested disclosure been made, concealment will not bar the seaman's recovery of maintenance and cure." Id.

### a. Intentional misrepresentation or concealed medical facts

Cheramie's preemployment medical questionnaire inquired whether the applicant "currently "currently ha[s] the following symptoms or ha[d] significantly in the past." Plaintiff answered "No" to all questions, including those regarding back injury and back pain.

Plaintiff testified at his deposition that he was involved in a single car accident in 2001, in which he sustained a back injury. Plaintiff was the passenger in a car that hit the curb. Plaintiff saw a doctor a few times for the injury. He hired an attorney, and settled the claim. Plaintiff testified that injury was to the right side of his back, that it was completely healed, and that he has not had any back problems until the February 9, 2009, accident aboard the M/V MISS FLO where he injured the right side of his back, and his shoulder.

A back injury that results in legal action is significant. Plaintiff did not report this significant back injury on his preemployment medical questionnaire. Thus, the first McCorpen element is satisfied.

### b. Materiality of concealed facts to employer's decision to hire plaintiff

Cheramie's owner, Dino Cheramie, declared that "[k]nowledge of any prior injury was and is material to Cheramie Marine, L.L.C.'s decision to place any applicant in the position of deckhand." He also declared that:

> [i]f a prior injury of any kind, including but not limited to a low back injury, is revealed by an applicant's *Medical Questionnaire* or during the course of the medical examination, Cheramie Marine will further

4

> investigate by obtaining the applicant's medical records for the injury and/or a release to duty from the physicians that treated the applicant for the prior injury, in order to determine whether there are any physical restrictions or limitations placed on the applicant as a result of the injury.

Further, Dino Cheramie stated that "[a]ny applicant that reveals a prior injury is not placed in a heavy manual labor position until his or her ability to perform heavy manual labor is confirmed."

Plaintiff does not offer any evidence to refute this statement. The court finds the concealed facts were material to the employer's decision to hire plaintiff. The second element of McCorpen is satisfied.

### c.   Connection between the concealed medical facts and the alleged injury

The injury allegedly sustained in this incident was a an injury to plaintiffs' left shoulder and left lower back. Plaintiff's 2001, injury was an injury to his right lower back. "[T]here is no requirement that a present injury be identical to a previous injury." Brown v. Parker Drilling Offshore Corp, 410 F.3d 166, 175 (5th Cir. 2005) (internal quotations omitted). A causal link between the concealed information and the new injury can be established by showing that the injuries were both to the same location of the lumbar spine. Id.

In this case, there is a genuine issue of material fact as to whether the injuries are related because Cheramie has not presented any medical evidence regarding the similarities of the injuries and whether the injuries are connected. Thus, the third element of the McCorpen defense has not been satisfied.

Because not all of the McCorpen elements are satisfied, Cheramine is not entitled to a judgment that it does not owe maintenance and cure benefits to plaintiff.

## C. Plaintiff's Jones Act Negligence Claim

Under the Jones Act, 46 U.S.C. § 30104, a seaman's employer is liable for damages if the employer's negligence caused the seaman's injury. See Gautreaux v. Sculock Marine, Inc., 107 F.3d 331, 335 (5th Cir. 1997) (*en banc*). The employer is held to a standard of ordinary prudence under the circumstances. Id. "A seaman is entitled to recovery under the Jones Act, therefore, if his employer's negligence is the cause, in whole or in part, of his injury." Id. The terms "slightest" and "featherweight" have been used to describe the reduced standard of causation between the employer's negligence and the employee's injury. Id.; Johnson v. Offshore Express, Inc., 845 F.2d 1347, 1352 (5th Cir. 1988).

Plaintiff's accident occurred when the bitt on the Ship Shoal 219A platform to which the M/V MISS FLO was tied broke, and he was hit with the rope. There is no evidence that the rope was defective, or that any equipment or condition aboard the vessel caused the accident. However, plaintiff argues that Cheramie was negligent because the vessel continued to work in seven to nine foot seas, with peak wave heights of eleven to fifteen feet, and the captain left the stern controls, making it difficult for him to reach the controls once he noticed the line stretching.

The vessel captain, Reymundo Salazar, testified in his deposition that the M/V MISS FLO had been tied to the same bitt on the platform for three-and-a-half hours prior to plaintiff's accident. During that time the vessel was held in place by the current, and Captain Salazar did not put the vessel into gear. At the time of the accident, he was two feet away from the stern controls. Captain

6

Salazar also testified that there was no indication that the bitt was going to break, but he did see the rope tightening and could not reach the stern controls in time to move the vessel to relieve some of the tension in the rope. There are genuine issues of material fact regarding whether Cheramie was negligent for continuing the operations in the weather conditions, and whether Captain Salazar was negligent for allowing the vessel to be held in place by the current, and standing in a position which prevented him from reaching the stern controls once he noticed the rope stretching. Because the stretching could be an indiction that the bitt could be broken by the tension, Captain Salazar's actions may have been the cause of the bitt's breaking. Therefore, Cheramie is not entitled to summary judgment on plaintiff's Jones Act negligence claim.

**D.      Plaintiff's Unseaworthiness Claim**

"[L]iability based upon unseaworthiness is wholly distinct from liability based upon negligence. Usner v. Luckenback Overseas Corp., 91 S.Ct. 514, 517 (1971). The duty to provide a seaworthy vessel is absolute and completely independent of the duty under the Jones Act to exercise reasonable care; therefore, a showing of negligence is not required. See Phillips v. W. Co. of N. Am., 953 F.2d 923, 928 (5th Cir. 1992). "Although the shipowner has an absolute duty to provide a seaworthy vessel, the vessel need not be 'accident free.'" Simeon v. T. Smith & Son, Inc., 852 F.2d 1432, 1432-33 (5th Cir. 1988). "For a vessel to be found unseaworthy, the injured seaman must prove that the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it is to be used." Jackson v. OMI Corp., 245 F.3d 525, 527 (5th Cir. 1992). An isolated personal negligent act of a fellow seaman does not render a vessel unseaworthy. Usner, 91 S.Ct. at 517. However, a vessel may become unseaworthy if a

7

fellow seaman engages in "congeries of negligent acts that are of such a character or that continue for such a length of time that they become related to the status of the vessel." <u>Robinson v. Showa Kaiun K.K.</u>, 451 F.2d 688, 690 (5th Cir. 1971).

Plaintiff's accident occurred when a bitt on the platform broke. There is no evidence that there was any unseaworthy condition of the M/V MISS FLO. Further, even if Captian Salazar was negligent in the manner described above, it was an isolated personal negligent act. There is no evidence of congeries of negligent acts by the crew of the M/V MISS FLO that render the vessel unseaworthy. Therefore, Cheramie is entitled to summary judgment on plaintiff's unseaworthiness claim, and this claim is DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, Cheramie Marine, LLC (Doc. #40), is **DENIED** as to plaintiff's maintenance and cure and Jones Act negligence claims, and **GRANTED** as to plaintiff's unseaworthiness claim, which is **DISMISSED**.

New Orleans, Louisiana, this  10th  day of November, 2010.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**